T. Jason Wood, Esq.
Idaho State Bar No. 5016
WOOD LAW GROUP, PC
350 North 9th Street, Suite 500
Boise, ID 83702
Telephone: (208) 497-0400
Fax: (208) 932-4380
Email: jason@woodlaw.net
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

PAUL OLSON,

Plaintiff,

v.

KENNETH LORDS, SAMUEL JAECKEL, and the CITY OF REXBURG, AAA 24 Hour Bail Bonds, LLC, and CHRISTOPHER E. WATTS,

Defendants.

Case No. 4:25-cv-00103-DKG

***SECOND AMENDED* COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff PAUL OLSON, for cause of action against the above-named defendants, alleges as follows:

1. This action against the City of Rexburg and its police officers states a claim for money damages and declaratory relief arising under 42 U.S.C. §1983 for the defendants' violations of Plaintiffs' rights guaranteed by the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. This action against AAA 24 Hour Bail Bonds, LLC and Christopher E. Watts, states a claim arising under Idaho Consumer Protection Act (ICPA) and Idaho common law.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), and 28 U.S.C. § 1367.

4. Complete diversity of citizenship exists between Plaintiff and the AAA defendants.

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. § 1391(b).

**PARTIES**

7. Plaintiff is, and at all times material hereto was, a resident of Teton County, Wyoming.

8. Defendant Kenneth Lords is, and at all times material hereto was, employed as a police officer for the City of Rexburg, acting in his individual capacity under color of state law.

9. Defendant Samuel Jaeckel is, and at all times material hereto was, employed as a police officer for the City of Rexburg, acting in his individual capacity under color of state law.

10. Defendant City of Rexburg is, and at all times material hereto was, a political subdivision of the State of Idaho and a "person" within the meaning of 42 U.S.C. § 1983 and *Monell v. Department of Soc. Svcs*., 436 U.S. 658 (1978), acting pursuant to its official, established policies, procedures, practices and customs under color of Idaho law.

11. Defendant AAA 24 Hour Bail Bonds, LLC (AAA) is, and at all times material hereto was, an Idaho limited liability company, with its primary place of business in Idaho Falls, Bonneville County, Idaho, doing business as a bail bond company.

12. Defendant Christopher E. Watts is, and at all times material hereto was, a member and agent of AAA, acting within the course and scope of his membership and agency for AAA.

## GENERAL ALLEGATIONS

13. On or about March 3, 2023, at approximately 10 p.m., custodians at the Rexburg Medical Center in Rexburg, Idaho, called Rexburg Police and reported what they thought was a suspicious vehicle parked in the parking lot with the engine running.

14. The vehicle was owned by Plaintiff, who was sitting in the driver's seat, together with a male friend was sitting in the front passenger seat.

15. Upon arrival the defendant officers pulled into the parking lot (without a siren or overhead lights) and stopped, got out of their patrol cars, and approached the parked vehicle. Plaintiff rolled down his window allowing defendant Lords to communicate with him.

16. Lords first asked the occupants if everything was alright, to which they replied in the affirmative. Lords told Plaintiff of the suspicious vehicle report, told Plaintiff he was on private property and allegedly trespassing, and asked for Plaintiff's and his passenger's identification.

17. Plaintiff's companion answered defendant Lords that he did not have any identification with him.

18. Plaintiff answered defendant Lords by asserting his right to refuse Lords' demand for identification and proposed to leave immediately.

19. Lords called his seizure of Plaintiff in to dispatch or the City/County attorney and commented "I think we both know what's going on, two dudes," in reference to his belief that Plaintiff and his passengers were homosexual, as grounds for the seizure.

20. The defendants then rejected Plaintiff's proposal to leave the scene and instead ordered Plaintiff to exit his vehicle, whereupon they handcuffed him and placed him in the back of Lords' patrol car while the officers interrogated Plaintiff's friend in Plaintiff's vehicle.

21. The defendant officers' stated grounds for the handcuffs and arrest or detention of Plaintiff in the back of Lords' patrol car and their interrogation of Plaintiff's passenger was Plaintiffs' refusal to provide the requested identification.

22. The Rexburg defendants falsely imprisoned in the Madison County jail for more than three (3) days.

23. Upon arresting Plaintiff and/or booking him, the Rexburg defendants seized from Plaintiff and his vehicle Plaintiff's cell phone, notebook, SD cards, and the like, and has never returned them.

24. In order to obtain pretrial release from jail, Plaintiff was required to and did post a $35,000 bail bond which he purchased from AAA and Watts pursuant to their boilerplate bail bond agreement.

25. Plaintiff immediately paid to AAA and Watts the agreed premium before issuance of the bail bond, upon which Plaintiff was released from jail.

26. At all times material hereto, Plaintiff was in strict and material compliance with all terms and conditions of his bail bond agreement with AAA and Watts.

27. However, on or about March 16, 2023, AAA and Watts directed their bounty hunters to break into Plaintiff's private residence, where they seized him, put a taser to his head, threw him against the wall, stole his cell phone, hand and leg cuffed him, and drug him outside where they left him in the cold for 10-15 minutes while neighbors watched.

28. AAA's and Watts' bounty hunters then transported Plaintiff 1.5 hours, shackled, to the Madison County jail, where they caused him to be falsely imprisoned again for more than six (6) hours, despite the fact that he was not in violation of the conditions of his pretrial release.

29. AAA's and Watts' actions, and those of their bounty hunters acting at their behest and with their express direction as alleged above, were performed in blatant, bad faith, and deliberate violation of the terms and conditions of their bail bond agreement with Plaintiff and without Plaintiff's consent and against his will.

**COUNT I - 42 U.S.C. § 1983**
**(REXBURG DEFENDANTS)**

30. All prior paragraphs are incorporated herein by this reference.

31. Plaintiff and his passenger possessed the constitutional right to refuse Lords' demand for identification under the First Amendment to the U.S. Constitution.

32. Following a lengthy interrogation of Plaintiff's passenger, the defendants falsely arrested Plaintiff, transported him to jail where they falsely imprisoned him for more than three (3) days, and caused him to be wrongfully prosecuted.

33. The defendant officers possessed neither probable cause nor reasonable suspicion that Plaintiffs were in need of emergency aid or that they had committed or were committing a crime.

34. Consequently, the defendants' detention, arrest, imprisonment, and prosecution of Plaintiff were committed in violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments to the U.S. Constitution.

35. The defendant officers detained, arrested, imprisoned, and prosecuted Plaintiff in retaliation for Plaintiff's exercise of his rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

36. The defendants tightened the handcuffs on Plaintiff's writs unlawfully and too tightly and left him alone in the back of the police vehicle to suffer while the defendants unlawfully interrogated Plaintiff's passenger, causing him significant pain and injury, in violation of Plaintiff's Fourth Amendment right to be free from unreasonable and excessive force.

37. The Rexburg defendants wrongly seized and has retained Plaintiff's personal property without probable cause and after any reasonable suspicion or probable cause had dissipated, without notice or opportunity to be heard, in violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendments.

38. The defendant officers' violations of Plaintiff's constitutional rights described above were proximately caused by official policies of the City of Rexburg and its police department, pursuant to which its officers were permitted to detain, arrest, prosecute, and imprison a subject for refusing to produce identification without reasonable suspicion or probable cause to believe the subject had or was engaged in criminal activity or was in need of emergency aid, and for being perceived as homosexual.

39. As a direct and proximate result of the defendants' unlawful conduct alleged hereinabove, Plaintiff has incurred and suffered special damages and general damages in mounts to be proven at the trial of this matter.

40. The defendant officers' unlawful misconduct alleged above was malicious, wanton, oppressive, and/or in reckless disregard of Plaintiff's federally protected rights, for which Plaintiff is entitled to an award of punitive damages under 42 U.S.C. §1983.

41. Plaintiff is entitled to recover his reasonable attorney fees incurred in this matter pursuant to 28 U.S.C. §1988.

**COUNT II – STATE LAW CLAIMS**
**(AAA DEFENDANTS)**

42. All prior paragraphs are incorporated herein by this reference.

43. AAA's and Watts' actions, and those of their bounty hunters acting at their behest and with their express direction as alleged above, constitute a breach of contract, bad faith breach of contract, breach of the implied covenant of faith and fair dealing, fraud, trespass, negligence *per se* (in violation of I.C. § 41-1044, *inter alia*), battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, and other common laws of the state of Idaho.

44. AAA's and Watts' actions, and those of their bounty hunters acting at their behest and with their express direction as alleged above, also constitute unfair and unconscionable trade practices within the meaning of the ICPA.

45. The misconduct of AAA and Watts as alleged hereinabove was reckless within the meaning of Idaho Code § 6-1603 and outrageous within the meaning of Idaho Code § 6-1604, constituting an extreme deviation from reasonable standards of conduct, and their conduct was performed with an understanding of, or disregard for, its likely consequences.

46. As a direct and proximate result of the defendants' unlawful conduct alleged hereinabove, Plaintiff has incurred and suffered special damages and general damages in mounts to be proven at the trial of this matter.

47. Plaintiff is entitled to an award of punitive damages pursuant to Idaho Code § 48-608(1).

48. Plaintiff is entitled to recover his attorney fees and costs incurred in the prosecution of this action pursuant to Idaho Code §§ 12-120, 12-121, and 48-608(5), and Idaho Rules of Civil Procedure 54(d) and 54(e), and all other applicable state law.

49. **Plaintiff demands a trial by jury.**

WHEREFORE, Plaintiff prays for the following judgment and relief against the defendants, jointly and severally, in accordance with the foregoing allegations against them, respectively, as follows:

1. For a judicial declaration that the Rexburg defendants' acts, omissions, and policies were in violation of Plaintiff's rights secured by the United States Constitution as alleged above.

2. For an award of special damages as alleged above, in amounts to be proven at trial.

3. For an award of general damages as alleged above, in amounts to be proven at trial.

4. For an award of punitive damages in amounts to be proven at trial.

5. For an award of reasonable attorney fees.

6. For costs incurred in prosecuting this action.

7. For such further relief in Plaintiff's favor as this Court deems equitable and just.

DATED this 8th day of September, 2025.

WOOD LAW GROUP, PC

By: /s/ ________________________________
T. Jason Wood, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of September, 2025, I filed the foregoing electronically through the CM/ECF system, which caused all registered participants to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

WOOD LAW GROUP, PC

By: /s/
T. Jason Wood, Esq.