UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PAUL OLSON,

Plaintiff,

v.

KENNETH LORDS; SAMUEL JAECKEL; the CITY OF REXBURG; AAA 24 Hour Bail Bonds, LLC; and CHRISTOPHER E. WATTS,

Defendants.

Case No. 4:25-cv-00103-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff Paul Olson's Second Motion for Extension. Dkt. 33. Defendant AAA 24 Hour Bail Bonds ("AAA") agree to the request. Dkt. 34. Defendants Kenneth Lords, Samuel Jaeckel, and the City of Rexburg (the "Rexburg Defendants") oppose the Motion. Dkt. 35. Based upon recent developments, the Court does not know if the relief sought is still at issue. Thus, the Court provides a preliminary ruling to the extent Olson still seeks an extension and doing so remains feasible.

## II. BACKGROUND

This is a civil rights action brought by Olson concerning his arrest, imprisonment, and prosecution by Defendants. *See generally* Dkt. 24.

On May 27, 2025, the Court entered a scheduling order. Dkt. 21. Thereafter, the Parties stipulated on three occasions to extend the relevant deadlines. Dkts. 27, 29, 31. The Court approved each time. Dkts. 28, 30, 32. Under the operative schedule, Olson's deadline

to disclose experts was August 17, 2026, Defendants' September 18, 2026, and Olson's rebuttal experts on September 30, 2026. Dkt. 31, at 2. The dispositive motion deadline was set for October 14, 2026, and the close of fact discovery for October 30, 2026. *Id*.

On September 30, 2026, Olson filed a Motion to Extend Deadlines. Dkt. 33. Olson's Counsel was in a serious car accident on August 29, 2026, and sought a 90-day extension of all unexpired deadlines. *Id*. In addition to his counsel's accident, Olson asserted additional time was necessary to complete all discovery in this case.

AAA filed a stipulation agreeing Olson's Motion should be granted. Dkt. 34.

The Rexburg Defendants, however, filed an opposition to Olson's Motion. Dkt. 35. While sympathetic to Olsen's Counsel's accident, the Rexburg Defendants asserted the request to move deadlines was effectively a second bite at the expert witness deadline. As noted, Olson's deadline was August 17, 2026. He did not disclose any experts at that time. Counsel's accident occurred twelve days later. The Rexburg Defendants timely disclosed their experts on September 18, 2026, and argue Olson's efforts to retroactively revive his expert deadline is prejudicial and unfair. They also assert discovery is all but over and there is no need for any extension.

In reply, Olson reiterated that he was not seeking to extend any deadlines other than those that were unexpired at the time of his filing—on September 30, 2026. In other words, Olson is *not* seeking to change his original expert witness deadline that had come and gone without any disclosure. Olson filed his reply on October 12, 2026.

Two days later, the Rexburg Defendants filed a Motion for Summary Judgment in accordance with the existing scheduling order. Dkt. 37. The Parties then stipulated to an

extension of Olson's response brief (Dkt. 40) which the Court granted (Dkt. 41).

## III. DISCUSSION

As a threshold matter, it appears the Rexburg Defendants misunderstood Olson's request. He was *not* seeking to reset his initial expert disclosure deadline—which had already passed at the time of counsel's accident—but only those deadlines that had not yet expired as of September 30, 2026. As this was, by all accounts, the Rexburg Defendants' primary opposition[1] to Olson's Motion, the Court would be inclined to overrule the objection and grant Olson's Motion.

The problem, however, is Defendants have now filed a Motion for Summary Judgment, and the Parties have filed a stipulation regarding Olson's response. But neither document mentions the pending dispute. In other words, the Court does not know if the Parties completed discovery by last Friday's deadline, if Olson is no longer pursuing an extension (because he agreed to respond to Defendants' Motion), or if some other agreement was reached.[2]

In short, the Court finds Olson's counsel's accident would qualify as good cause for an extension. Maybe not a 90-day extension, but an extension nonetheless. Again, the Rexburg Defendants' opposition rests largely on a misunderstanding. At the very least,

[1] To be sure, the Rexburg Defendants assert Olson's counsel was not diligent and that his concerns about discovery are overblown. The Court has reviewed the record and finds Olson's counsel was diligent in bringing this motion. As for the state of discovery, the Court does not know.

[2] In like manner, the Court does not know if Defendant AAA chose not to file a dispositive motion because it was not going to do so in the first instance or because it assumed its stipulation would be approved and the deadline extended. The Court appreciates AAA's willingness to work with Olson, but the Court will not have two separate scheduling tracks in this case. So something needs to be done to bring everything into alignment.

Olson likely needs an extension of his expert rebuttal deadline because he filed his motion to extend said deadline *on the deadline*. And, of course, this is all complicated by the fact that a dispositive motion has been filed.[3]

The Partes shall meet and confer regarding these issues. They should discuss the state of discovery, the pending motion, and how to harmonize the various concerns and issues in light of the Court's preliminary holding that an extension is likely warranted. If they are unable to reach a resolution, they should notify the Court's law clerk via email who will hold an informal conference at the Parties' earliest convenience. Additional motions on this issue will only delay things further.

## IV. ORDER

1. Olson's Second Motion for Extension (Dkt. 33) is GRANTED in PART and DENIED in PART. It is granted to the extent the Court finds Olson was diligent in making the request and that the Court would likely approve a short continuance if still desired and feasible. It is DENIED as to a wholesale 90-day extension. The Parties should work together to resolve this issue and involve the Court's law clerk as necessary.

DATED: November 3, 2026

David C. Nye
U.S. District Court Judge

[3] Meaning, if the Court allows an extension and further discovery—expert or otherwise—is allowed, will the Rexburg Defendants need to modify or update their summary judgment brief? And is it even fair to allow additional discovery now that Olson has seen the Rexburg Defendants' Motion?